J-S38016-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY CALHOUN | : | |
| | : | |
| Appellant | : | No. 1303 WDA 2017 |

Appeal from the PCRA Order August 4, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000449-2012

BEFORE: BOWES, J., NICHOLS, J., and STRASSBURGER[*], J.

MEMORANDUM BY NICHOLS, J.:                    FILED JULY 18, 2018

Appellant Gary Calhoun appeals from the order dismissing his third Post

Conviction Relief Act (PCRA)[1] petition as untimely filed.  Appellant contends

that his petition is timely because he became aware of contradictory trial

testimony—a trial at which he testified in his defense—when the

Commonwealth quoted the testimony in its response to his federal petition for

a writ of habeas corpus.  We affirm.

We state the facts and procedural history as set forth by a prior decision

of this Court:

> Appellant was charged with one count of corruption of minors and
> two counts each of indecent assault and endangering the welfare

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

of children after his daughter, H.C., disclosed that Appellant repeatedly had her remove her pants and underwear, ostensibly so that Appellant could check to see if she was wiping properly, and touched her vaginal area, rubbing his fingers in a circular motion. A jury convicted Appellant of one count of corruption of minors and, on December 17, 2013, the trial court sentenced him to a mandatory term of twenty-five years in prison pursuant to 42 Pa.C.S.A. § 97[18].2.

Commonwealth v. Calhoun, 848 WDA 2015, 2016 WL 4965111, *1 (Pa. Super. July 11, 2016) (unpublished mem.) (footnotes and alterations omitted). We add that Appellant testified in his own defense and stated he was present for the entire trial, including the testimony of Dr. Jeanne Spencer and Emily Rogers. N.T. Trial, 10/9/13, at 14-37. Appellant timely appealed, and this Court affirmed on November 12, 2014. Calhoun, 2016 WL 4965111 at *1. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Appellant timely filed a first PCRA petition on January 1, 2015, id., and the court appointed Devon Casti, Esq., as his counsel. The PCRA court denied the petition, and this Court affirmed on July 11, 2016. Id. at *5. Appellant, pro se, filed an untimely second PCRA petition. The PCRA court dismissed the petition, and Appellant did not appeal to this Court.

The PCRA court docketed pro se Appellant's third petition on July 5, 2017.[2] His petition asserted that his claim was based on facts previously

_____

[2] The PCRA court included the envelope that contained the third petition, but punched a hole in it that obliterated the postmarked date.

unknown to him. Appellant's Third PCRA Pet. at 3. Appellant, by way of background, argues that he was primarily convicted based on a telephone conversation between Ms. Rogers and Dr. Spencer. Id. Appellant contends that he received the trial transcripts on May 9, 2017, which is when he first learned Ms. Rogers had allegedly perjured herself. Id. Specifically, Appellant claims that the transcript establishes that Dr. Spencer testified at trial that she had denied conversing with Ms. Rogers about the victim. Id.

The PCRA court issued a Pa.R.Crim.P. 907 notice on July 20, 2017. The court docketed Appellant's pro se response on August 4, 2017, at 11:18 a.m. At that exact same time, the court filed its opinion formally dismissing Appellant's third PCRA petition. Appellant timely appealed on Tuesday, September 5, 2017.[3] Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement on Tuesday, October 10, 2017.[4]

The PCRA court appointed Timothy S. Burns., Esq., as counsel for Appellant on November 9, 2017.[5] Counsel's App. to Withdraw, 5/18/18.

_____

[3] The thirtieth day from August 4, 2017, was Sunday, September 3, 2017. Monday, September 4, 2017 was a legal holiday. See generally 1 Pa.C.S. § 1908.

[4] Monday, October 9, 2017 was a legal holiday.

[5] The PCRA court docket reflects a November 9, 2017 entry of an order granting a motion to withdraw as counsel filed by "Atty. Malloy & appointing Atty T. Burns to represent [Appellant]." Although it was not in the certified record transmitted to this Court, the order appointing Attorney Burns as counsel was attached to his entry of appearance with this Court. Neither the

Attorney Burns entered his appearance with this Court on December 8, 2017, and he filed an appellate brief on February 2, 2018. On May 21, 2018, Attorney Burns filed an application to withdraw as counsel. Attorney Burns stated that Appellant, in a letter dated May 11, 2018, wished to proceed pro se. Id. at 3. On May 29, 2018, this Court ordered that counsel's application would be considered by this panel.

We initially address counsel's application to withdraw. It is well settled that "once the [appellate] brief has been filed, any right to insist upon self-representation has expired." Commonwealth v. Jette, 23 A.3d 1032, 1044 (Pa. 2011). Here, counsel filed the appellate brief on February 2, 2018, several months before Appellant wrote his May 11, 2018 letter request to proceed pro se. Appellant's right to proceed pro se has expired. See id. Motion to withdraw as counsel is therefore denied. We therefore address the merits of Appellant's appeal.

Appellant raises one issue: "whether the trial court erred in finding that . . . Appellant's third PCRA petition was not timely filed[.]" Appellant's Brief at 4 (some capitalization omitted). In support, Appellant contends that he first discovered the purported perjured testimony when the Commonwealth

_____

record nor PCRA court docket, however, substantiates Attorney Malloy's appointment. The PCRA court docket further indicates that on November 7, 2017, Attorney Casti filed a motion for leave of court to withdraw as court-appointed counsel.

quoted from the trial transcripts in its response to his petition for a writ of habeas corpus, filed in federal court. Id. at 13. He contends he never had access to the trial transcripts prior to receiving the Commonwealth's response. Id. Appellant also claims he lacked funds to purchase the trial transcripts. Id. For these reasons, Appellant concludes his third PCRA petition was timely filed.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." Commonwealth v. Wilson, 824 A.2d 331, 333 (Pa. Super. 2003) (en banc) (citation omitted).

Our Supreme Court has required this Court to examine whether we have jurisdiction to entertain the underlying PCRA petition. See Commonwealth v. Fahy, 737 A.2d 214, 223 (Pa. 1999). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies." Commonwealth v. Copenhefer, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted). A petitioner must plead and prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

J-S38016-18

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). "The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. It is the petitioner's burden to allege and prove that one of the [three] timeliness exceptions applies." Commonwealth v. Abu–Jamal, 941 A.2d 1263, 1267–68 (Pa. 2008) (citations omitted).

In Commonwealth v. Cox, 146 A.3d 221 (Pa. 2016), the Pennsylvania Supreme Court highlighted the distinctions between the timeliness exception of Section 9545(b)(1)(ii), and eligibility for relief based on after-discovered evidence under Section 9543(a)(2)(vi).[6]

> When considering a claim seeking to invoke section 9545(b)(1)(ii), the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence. We have unequivocally explained that the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception only requires a petitioner to prove that the facts were unknown to him and that he exercised due diligence in discovering those facts.

_____

[6] Section 9543(a)(2)(vi) provides as follows: "The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi).

- 6 -

Cox, 146 A.3d at 227 (citations and internal quotation marks omitted); accord Commonwealth v. Bennett, 930 A.2d 1264, 1270 (Pa. 2007).

In Commonwealth v. Chmiel, 173 A.3d 617 (Pa. 2017), the Pennsylvania Supreme Court explained the term "fact" as used under subsection (b)(1)(ii):

> This exception requires that the facts upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence. [T]o fall within this exception, the factual predicate of the claim must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source.

Id. at 625 (citations and internal quotation marks omitted). Trial transcripts are in the public domain and do not constitute new sources for previously known information. See id.

Here, Appellant's third PCRA petition—docketed on July 5, 2017—is patently untimely, given that his judgment of sentence became final on December 12, 2014, thirty days after this Court affirmed the judgment of sentence. Thus, Appellant had until Monday, December 14, 2015, to file his first PCRA petition. Appellant, however, has not pleaded and proved an exception under subsection (b)(1)(ii), because a trial transcript is merely a new source for previously known information. See Chmiel, 173 A.3d at 625.

As set forth above, Appellant was present at trial, including during the testimony of Dr. Spencer and Ms. Rogers. He therefore had first-hand knowledge of their testimony on October 9, 2013, and thus was aware of any alleged perjury well before 2017. Thus, Appellant has failed to establish the

- 7 -

purported perjured testimony was an "unknown fact" that could not have been discovered with due diligence. See Cox, 146 A.3d at 227.

In sum, we hold that the PCRA court's determination that it lacked jurisdiction is free from legal error. See Wilson, 824 A.2d at 333; see also Fahy, 737 A.2d at 223.

Counsel's application to withdraw denied. Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/18/2018